**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **EDUARDO HINOJOSA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-041-JLF |
| ) | |
| **DARLENE VELTRI,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In this case, Petitioner challenges various aspects of his criminal conviction from the United States District Court for the District of Nebraska. *See United States v. Gomez*, Case No. 00-cr-3052-RGK (D.Neb, filed June 22, 2000), *aff'd,* 23 Fed.Appx. 633 (8th Cir. 2002).

He acknowledges that he previously filed a § 2255 petition, which was denied. *See Hinojosa v. United States*, Case No. 03-cv-3143 (D.Neb., filed April 21, 2003). Petitioner then sought leave to file a second or successive petition under § 2255, but that request was denied. *See Hinojosa v. United States*, Case No. 04-2983 (8th Cir., decided Jan. 7, 2005).

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Occasionally, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. However, the fact that the district or circuit court erred in considering his § 2255 motion does not mean that § 2255 cannot provide an adequate or effective means by which to challenge his conviction or sentence. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Likewise, the fact that Petitioner has not been, or may not be, granted leave to file a second or successive petition under § 2255 does not implicate the unavailability of § 2255.

In this case, Petitioner challenges the manner in which his sentence was calculated, relying on *Blakely v. Washington*, 124 S.Ct 2531 (2004). A subsequent Supreme Court case

found that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment.  *See United States v. Booker*, – U.S. —, 125 S.Ct. 738 (2005).  However, Petitioner's reliance on these rulings is misplaced, because the Seventh Circuit has held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  *See also Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002) (*Apprendi* does not apply retroactively on collateral review).

Therefore, Petitioner is not entitled to the relief sought, and this habeas action does not survive review under Rule 4.  Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:  July 8, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**